UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD TIMOTHY JONES,

    Plaintiff,

v.                                Case No: 2:14-cv-557-FtM-29CM

MARK STEINBECK, EDWARD J. VOLZ, JR., STEPHEN B. RUSSELL, DAVID T. MAIJALA, DEVIN S. GEORGE, and ROBERT J. BRANNING,

    Defendants.

## ORDER OF DISMISSAL

This matter comes before the Court upon periodic review of the file. Plaintiff Reginald Timothy Jones ("Plaintiff"), who is proceeding *pro se*, is currently being held at the Sarasota County Jail in Sarasota, Florida. Plaintiff initiated this action against Circuit Court Judge Mark Steinbeck, Circuit Court Judge Edward J. Volz, Jr., State Prosecutor Stephen B. Russell, State Prosecutor David T. Maijala, and private defense attorney Robert J. Branning by filing a civil rights complaint pursuant to 42 U.S.C. § 1985(3) (Doc. 1, filed September 24, 2014, Complaint). Plaintiff has also filed a motion to proceed *in forma pauperis* (Doc. 5).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief

may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process to be applied *sua sponte* and at any time during the proceedings.

For the reasons set forth in this Order, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

**I.  Complaint**

Plaintiff has attached numerous documents to his complaint in support of the allegations contained therein. However, he has not set forth a sequential statement of the facts which he believes entitle him to relief. Rather, all of the factual allegations contained under the "Facts" portion of the complaint pertain to either Plaintiff's criminal conviction based on the entry of a plea, his subsequent violation of probation, or the collateral motions he filed thereafter (Doc. 1 at 2-16). After reading the instant complaint, its numerous attachments, and a previous complaint filed on January 30, 2014[1] and construing Plaintiff's allegations liberally, Plaintiff claims the following:

---

[1] On January 30, 2014, Plaintiff filed a complaint against the same defendants, raising substantially identical claims (MDFL Case No. 2:14-cv-58-JES-DNF). In his first action, Plaintiff stated that he raised the claims under "[18] U.S.C. 241: Conspiracy Against Rights." The Court construed the complaint as being raised pursuant to 42 U.S.C. § 1983 (there is no private right of action under 18 U.S.C. § 241) and dismissed the complaint for failure to state a claim upon which relief may be granted. Specifically, the Court concluded that each defendant was either immune from liability or was not a state actor subject to suit in § 1983 actions. Id. at Doc. 7. In the instant complaint, Plaintiff

- 2 -

Sometime in 2007, Plaintiff's defense attorney Robert J. Branning "conspired with David T. Maijala by depriving him a trial," presumably by encouraging Plaintiff to enter a guilty plea (Doc. 1 at 10). Plaintiff provides no specific date for the alleged conspiracy. According to a public web based inquiry on the Twentieth Judicial Circuit's website, Plaintiff has numerous criminal convictions before the Twentieth Judicial Circuit and County Courts. See www.leeclerk.org. The only circuit criminal case the Court located with Judges Volz and Steinbeck as the presiding circuit court judges and Devin George as the assistant state attorney is case number 05-cf-018068. According to the docket sheet in this case, on November 5, 2007, Plaintiff entered a *nolo contendere* plea to four counts: (1) cash/deposit with intent to defraud; (2) grand theft; (3) cash/deposit with intent to defraud; and (4) cash/deposit with intent to defraud. Id. That same day, Plaintiff was placed on probation by Judge Steinbeck. In 2009, Judge Steinbeck found that Plaintiff violated the terms of his probation and Plaintiff was sentenced to prison. Id.

The gravamen of the instant complaint appears to be that Plaintiff sought to withdraw his guilty plea on November 16, 2007, and the request was orally denied by Judge Steinbeck (Doc. 1-5). Plaintiff asserts that Judge Steinbeck failed to file a written

---

raises the same claims pursuant to 42 U.S.C. § 1985(3) (Doc. 1 at 2).

order on the denial of the change of plea, which meant that Plaintiff's motion to withdraw his plea was not final.  Therefore, Plaintiff alleges that Judge Steinbeck lacked jurisdiction to find that Plaintiff had violated the terms of his probation, or to send him to prison as a result thereof, because Plaintiff had never been placed on probation (due to the allegedly pending motion to withdraw his plea). See generally, Complaint.  Plaintiff claims that he filed numerous post-conviction motions in the state court and an appeal to Florida's Second District Court of Appeal on this issue, but they were unsuccessful because of the defendants' conspiracy. Id.  He asserts that Defendant George "used the estoppel method" to deny Plaintiff relief from an ongoing conspiracy and to deny Plaintiff's motion to dismiss the pending violation of probation (Doc. 1 at 7).  He alleges that Judge Steinbeck and Judge Volz were openly biased against him (Doc. 1 at 9).  He alleges that Defendant Maijala manipulated the Lee County Clerk's computer records to show that Plaintiff had a longer criminal record than he actually had (Doc. 1 at 11-12).  He alleges that "each time the Plaintiff filed post-conviction methods to request relief on his illegal sentence, even with proof of laws of Florida being violated was met with denials." (Doc. 1 at 13).

## II. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and to dismiss any such complaint

that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> >  (A)   the allegation of poverty is untrue; or
>
> >  (B) the action or appeal–
> >
> > > (i)    is frivolous or malicious;
> > >
> > > (ii)   fails to state a claim on which relief may be granted; or
> > >
> > > (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover,

the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

**III. Analysis**

> ***a.   Plaintiff has not stated a claim under 42 U.S.C. § 1985(3)***

The United States Supreme Court has identified the elements of a 42 U.S.C. § 1985(3) claim as "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983). Furthermore, in order to maintain a claim under § 1985(3), a plaintiff must show that the defendants were motivated by racial or class-based "invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Burrell v. Board of Trustees of Ga. Mil. C., 970 F.2d 785, 793-94 (11th Cir. 1992) (stating elements of a claim and noting that the intent requirement of § 1985(3) "erects a significant hurdle for . . . plaintiffs").

In this case, Plaintiff has not come forward with any evidence or argument that the defendants' acts were motivated by racial or "invidiously discriminatory animus." Rather, Plaintiff merely ponders that he "has wondered over the years if the possibility of

race is a factor in this full blown constitutional violations. At no time did any of the defendants care or get involved to correct the wrong that was clearly visible during this 9 year incident." (Doc. 1 at 16). Plaintiff's speculations are insufficient to state a claim for relief based on 42 U.S.C. § 1985(3) and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    ***b.    Plaintiff has not stated a claim under 42 U.S.C. § 1983***

To the extent Plaintiff seeks to re-raise these claims under 42 U.S.C. § 1983 for violations of his civil rights, he has not corrected the deficiencies that lead to the dismissal of the complaint in case number 2:14-cv-58-FtM-29DNF. As was explained to Plaintiff in this Court's prior detailed order of dismissal, the defendants in this case are immune from liability under 42 U.S.C. § 1983. This Court's prior order stated:

> Here, the Complaint is fatally flawed and subject to dismissal. While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. The Complaint fails to state a claim against Stephen Russell and Devin George because prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'"

Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing [her] function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(citations omitted). The prosecutors Plaintiff names as Defendants in this action are clearly entitled to absolute prosecutorial immunity based on the allegations in the Complaint. See Smith v. Shorstein, 217 F. App'x 877 (11th Cir. 2007).

Similarly, judges are also absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); see also Mireles v. Waco, 502 U.S. 9, 12-13 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356). According to the Complaint, Plaintiff seeks relief against Judges Steinbeck and Volz based on the rulings these Judges entered in Plaintiff's criminal case, violation of probation, or postconviction motions. Thus, it is clear that Plaintiff pursues this action against Defendants Steinbeck and Volz based on actions they took within the scope of their judicial authority. Consequently, absolute judicial immunity precludes Plaintiff's civil action against Defendants Steinbeck and Volz.

Finally, Plaintiff attributes liability on defense attorneys who apparently represented

> him during either his criminal prosecution or violation of probation thereafter. See Complaint. The public defender, David Maijala, is not considered a "person" acting under the color of State law. Vega v. Fitz, Case No. 2:13-cv-51-FTM-29DNF, 2013 WL 314448, *2 (M.D. Fla. Jan. 28, 2013)(finding a public defender is not subject to liability under section 1983)(citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). A defense attorney, whether court appointed, or privately retained, represents only his client, not the state. Polk, 454 U.S. at 312. Significantly, the United States Supreme Court held that "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk, 454 U.S. at 325 (footnote omitted).
>
> To the extent Plaintiff attributes liability on his private defense counsel, Robert Branning, for conspiracy with the other named defendants, Branning is not considered a state official subject to liability under § 1983. "[T]o act under the color of state law for (Section) 1983 purposes does not require that the Defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992)(citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)). However, when a court determines that none of the other defendants are state actors for purposes of § 1983, then all parties retain their private status; and, no state actor exists with whom conspiracy is possible. Id. Therefore, Defendants Branning and Maijala are not subject to liability under 42 U.S.C. § 1983.

(MDFL Case No. 2:14-cv-58-FtM-29DNF at Doc. 7)(footnotes omitted).

The prior order further concluded that Plaintiff had not set forth a § 1983 conspiracy claim because:

> To set forth a conspiracy claim under section 1983, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons. <u>Harvey</u>, 949 F.2d at 1133 (citing <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984)). Here, the Complaint contains only conclusory and fantastic allegations concerning the conspiracy amongst the named defendants. The Complaint contains no facts that could prove private and alleged state actors "had 'reached an understanding' to violate [plaintiff's] rights." <u>Id.</u> (citing <u>Strength v. Hubert</u>, 854 F.2d 421, 425 (11th Cir. 1988)(citations omitted)).

<u>Id.</u> As in his first complaint, none of the additional allegations raised in the instant complaint demonstrate that these defendants are not immune from liability under § 1983. Nor has Plaintiff alleged facts sufficient to set forth a § 1983 conspiracy claim. Plaintiff's complaint does not state a claim for relief based on 42 U.S.C. § 1983 and any § 1983 claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### c. *Plaintiff's claims for damages are barred by Heck v. Humphrey*

Plaintiff does not identify the relief sought. To the extent he seeks monetary damages, Plaintiff is not entitled to relief. When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

already been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[2] Id. at 487.

It is clear from the instant complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction is prohibited because habeas corpus is

---

[2] The ruling in Heck applies to Plaintiff's claims under § 1985 as well. See McQuillon v. Schwarzenegger, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) ("We agree with our sister circuits that Heck applies equally to claims brought under §§ 1983, 1985 and 1986"); Lanier v. Bryant, 332 F.3d 999, 1005–06 (6th Cir. 2003) (applying Heck to § 1985 action); Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) ("Heck therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims"); Descent v. Kolitsidas, 396 F.Supp.2d 1315, 1319 (M.D . Fla. 2005) (applying Heck bar to plaintiff'So.3s claim under section 1985 that the defendants conspired to interfere with his criminal trial by intimidating him and witnesses favorable to his defense).

the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. Edwards v. Balisok, 520 U.S. 641, 645 (1997); Heck, 512 U.S. at 481; Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

ACCORDINGLY, it is hereby **ORDERED**:

1. The complaint is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **DENIED.**

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   24th   day of November, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Reginald Timothy Jones
Counsel of Record